

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOEY LOPEZ, | CIV 05-1017 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS AND FOR FEES AND COSTS |
| CITY OF BROOKINGS and BROOKINGS MUNICIPAL UTILITIES d/b/a SWIFTEL COMMUNICATIONS, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BACKGROUND

Plaintiff filed this action in April of 2005, claiming he was denied a promotion based upon his national origin and his engagement to an individual with a disability. He claims such adverse employment action violates the Civil Rights Act of 1964 and the Americans with Disabilities Act. The court entered a Rule 16 Scheduling Order requiring pre-discovery disclosures to be completed by June 1, 2005. Defendants timely complied with the scheduling order. Plaintiff did not. Defendants served interrogatories and requests for production of documents upon plaintiff on July 26, 2005. Plaintiff failed to timely answer or object to the discovery requests.

On November 7, 2005, plaintiff's counsel was allowed to withdraw because of pressing family matters. The parties filed a stipulation, which was approved by the court, suspending the scheduling order until January 1, 2006, to allow plaintiff to retain new counsel. Plaintiff was ordered to either retain new counsel by January 1, 2006, or to file a statement of intent to proceed *pro se*. Plaintiff was further ordered to respond to defendants' discovery requests by January 1, 2006. Plaintiff was warned that failure to comply with the deadlines may result in dismissal of his claims with prejudice.

On January 10, 2006, plaintiff filed a motion for extension of time to file his notice of intent to proceed *pro se* and to respond to the pending discovery requests. Plaintiff represented

that he had obtained counsel but needed additional time for counsel to seek admission to the federal bar. Plaintiff requested until January 10, 2006, to serve the required discovery responses. Defendants, on January 11, 2006, filed a notice of no objection to the extension but advised the court that plaintiff would still be in violation of the scheduling order even if an extension to January 10, 2006, were granted because, to date, defendants had not received the required discovery responses. Plaintiff's motion for an extension of time was denied on January 17, 2006, based upon plaintiff's continued failure to respond to the pending discovery requests.

Defendants notified the court on January 18, 2006, that they had received, on January 17, 2006, plaintiff's initial disclosures as well as answers to defendants' discovery requests. Plaintiff contends he served those responses on January 10, 2006, as he had promised to do in his motion for an extension of time. Defendants filed a motion to dismiss on February 16, 2006, requesting dismissal as a sanction under Fed. R. Civ. P. 16(f) for failing to comply with the scheduling order and under Fed. R. Civ. P. 37(b)(2) for failing to provide discovery responses. In their reply brief, defendants request the court dismiss the matter with prejudice or, alternatively, enter an order requiring plaintiff to pay defendants' attorney fees and costs associated with the 2005 requests for extension, the 2006 request for extension, and the motion to dismiss. Defendant contends that his compliance with the court's order was only ten day late and, under the circumstances, dismissal or imposition of fees and costs would be unjust.

## DISCUSSION

Fed. R. Civ. P. 16(f) provides, in part:

> If a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2) provides, in part:

> If a party . . . fails to obey an order to provide or permit discovery . . . or if a party fails to obey an order entered under Rule 26(f), the court in which

2

> the action is pending may make such orders in regard to the failure as are just, and among others the following . . .
>> (C) An order striking out pleadings or parts thereof . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders
>> . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Clearly, plaintiff was required by the Rules of Civil Procedure and by order of the court to submit to defendants his initial disclosures on or before June 1, 2005. Responses to the discovery requests were due to be served on or before August 26, 2005. The initial failure to timely comply with the Rules and the court's scheduling order was excused by the defendants and by the court based upon the withdrawal of plaintiff's counsel. Those items were thereafter required to be served by January 1, 2006. Plaintiff did apparently retain substitute counsel in the ensuing two months, although counsel has yet to file a notice of appearance. He did not serve his initial disclosures and discovery responses until ten days after the deadline, when he requested an extension of time.

Rule 26(a), in conjunction with the Court's Rule 16 scheduling order, is essential to the judicial management of the case. See Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995). Courts do not enter scheduling orders "merely to create paperwork for the court's staff." Rice v. Barnes, 201 F.R.D. 549, 551 (M.D. Ala. 2001). To the contrary, such orders provide a specific time frame enabling counsel to ensure "the expeditious and sound management of the preparation of cases for trial." Id. Court dockets are "simply too crowded for parties to treat scheduling orders as optional and to submit required court filings at their own conveniences." Id. quoting Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir. 1996). That is especially true in this court where the docket is primarily comprised of criminal cases, requiring the court to adhere to the strict timing requirements of the Federal Rules of Criminal Procedure

and the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, effectively denying this court the docket flexibility enjoyed by other district courts in attending to their civil cases.

The court is mindful that this is a case of late disclosure rather than complete non-disclosure. There is a strong policy "favoring a trial on the merits and against depriving a party of his day in court." Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 996 (8th Cir. 1975). The "opportunity to be heard is a litigant's most precious right and should be sparingly denied." Chrysler Corp. v. Carey, 186 F.3d 1016, 1020 (8th Cir. 1999) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). Dismissal is not an appropriate sanction in this case. Defendants do not claim that they have been prejudiced by the late disclosure and responses nor that the responses were somehow deficient. Dismissal is a drastic sanction which, absent some prejudice to defendants, is not appropriate in this case.

The court takes a dim view of what has transpired in this case to date. Plaintiff has, however, set forth substantial justification for his delay in serving the required initial disclosures and discovery responses. It appears that the only prejudice the defendants have incurred is frustration and delay, as well as additional attorney fees. Thus, the court will impose monetary sanctions in the amount of $250. Plaintiff is warned that he must carefully comply with the Rules of Civil Procedure and all future orders of the court.

## ORDER

Now, therefore,

IT IS ORDERED:

1. Defendants' motion (Doc. 27) to dismiss is denied conditioned upon plaintiff paying $250 to defendants by on or before June 1, 2006. If he fails to pay, the action will be dismissed on the merits.

2. The parties shall submit an amended Form 35 report on or before May 31, 2006.

Dated this 28th day of April, 2006.

BY THE COURT:

*/s/ Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Raepke*
DEPUTY
(SEAL)

4